UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOANNE ALBERTY,

    Plaintiff,

v.

COLUMBUS TOWNSHIP,

    Defendant.

_____/

Case No. 15-13590

Hon. John Corbett O'Meara

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant's motion for summary judgment, which has been fully briefed. Pursuant to L.R. 7.1, the court did not hear oral argument.

**BACKGROUND FACTS**

Plaintiff, Joanne Alberty, is suing her former employer, Columbus Township. Plaintiff alleges that she was terminated from her position as the Assistant to the Columbus Township Assessor in violation of the Age Discrimination in Employment Act ("ADEA").

Plaintiff was hired by Columbus Township in 1997 when she was appointed to the position of Deputy Clerk by Columbus Township Clerk Patricia Iseler. Subsequently, Plaintiff became the Assistant to the Township Assessor, working part time at a rate of $13.50 per hour. From 2002 to 2013, the Township Assessor

was Susan Hansman, who was under contract with the township.

Bruce Christy was elected Township Supervisor in 2012.  His priority was to balance the township budget, which had shortfalls due to falling property values between 2008 and 2012.  See Defs.' Exs. D, E, F.  At the March 2013 Board meeting, Christy anticipated a budget shortfall of $31,000 for 2013, in addition to a $67,000 shortfall the previous year.  In addition to other cost-saving measures, Christy suggested that the Assessing department's expenses should be reviewed.  The Board agreed that the Township Assessor's contract should be put out for bid, which had not been done since 2002.  Defs'. Ex. G (3/12/13 meeting minutes).  (Unspoken at this meeting was that Christy had a disagreement with Assessor Hansman's assessment of his own property value in 2012.) Defs.' Ex. I.  Christy suggested that a change in the Assessor could affect Plaintiff: "If the Board decides to replace the assessor they would have to decide what to do with Joanne at that point." Id.

At the same time, Plaintiff was seeking a pay raise, having not received one in years.  She made an oral request to the Board in February 2013 and a written request in April 2013.  Defs.' Ex. H, I.  Also at the April 2013 Board meeting, Assessor Hansman took issue with the Board's decision to put her contract out for bid, defending her job performance and her rate.  See also Defs' Ex. I. The Board

did not address the assessor's concerns at the meeting and also decided to table Plaintiff's request for a raise until the May meeting.

At the May meeting, Township Clerk Iseler moved to deny Plaintiff's pay increase. Assessor Hansman requested that the Board consider a deal before voting. Hansman suggested taking $.50 per parcel from her pay to contribute towards a $1.00 per hour raise for Plaintiff (working 20 hours per week). The Board tabled a decision until the June meeting. Defs.' Ex. J.

At the June 13, 2013 meeting, Trustee Duncan moved for a $2.00 per hour pay raise for Plaintiff. The motion failed. There was further discussion about giving Plaintiff some sort of raise. Without resolving that issue, the Board voted 3-2 to terminate Assessor Hansman's employment agreement with the Township "due to budget concerns." Defs.' Ex. K. This result was met with hostility from Trustee Duncan, who said "I could spit on every one of you guys"; Assessor Hansman, who threatened to sue; and the township building inspector, who resigned in protest.

Then Iseler moved to terminate Plaintiff's employment, "due to budget concerns." Id. The motion carried, along the same lines as the vote to terminate Hansman. At the time of her termination, Plaintiff was 74 years old. Christy moved to set the pay of township clerical employees at $12 per hour for new hires,

with a limit of 15 hours per week. The motion carried.

At a special meeting on June 25, 2013, the Board considered proposals for the Assessor position. They had received applications from Hansman ($13.50 per parcel), Lisa Griffin ($16.53 per parcel) and Peggy Chambers ($11.80 per parcel). Although her application did not mention an assistant, Chambers told the Board that she had her own assistant, who would work for the hours and rate previously approved by the Board. See Defs.' Exs. L, M. The Board voted to offer the position to Chambers. Chambers brought her assistant, Carly Kimmen (age 30), to the township as the Assistant Assessor.

According to Hansman, Chambers told her that Christy had approached her about bidding on the assessor's position. Christy allegedly told Chambers how much Hansman charged so that Chambers could be sure to bid lower. See Pl.'s Ex. 14 (Affidavit of Susan Hansman).

## **LAW AND ANALYSIS**

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "To prevail on a claim under the ADEA, it is not sufficient for the plaintiff to show that age was a motivating factor in the

adverse action; rather, the ADEA's 'because of' language requires that a plaintiff 'prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the "but-for" cause of the challenged employer decision.'" Scheick v. Tecumseh Pub. Sch., 766 F.3d 523, 529 (6th Cir. 2014) (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177–78 (2009)).

Plaintiff argues that she has direct evidence of age discrimination because Iseler testified that Carly Kimmen was hired because "the knowledge we have was from Peggy that this *young* lady was working with her as her assistant. And we took it at face value." Iseler Dep. at 70-73 (emphasis added). The fact that Iseler – who was 80 at the time of Plaintiff's termination – referred to Kimmen as a "young lady" is not direct evidence that Plaintiff was terminated because of her age. Direct evidence is evidence that, if believed, "requires the conclusion that age was the 'but for' cause of the employment decision." Scheick, 766 F.3d at 530. Moreover, viewing her deposition testimony in context, Iseler's testimony shows that the Board did not advertise for the Assistant Assessor position, but accepted Chambers's request that she be allowed to use her own assistant, who would work at the $12 per hour rate previously approved by the Board. Id.

Plaintiff also challenges Defendants' claim that the township's budget required cutbacks, suggesting that the township had a sufficient rainy day fund.

Courts are not in the business of second-guessing financial decisions made by elected boards. Regardless, the evidence demonstrates that the township was employing cost-saving measures and that its budgetary concerns were not a pretext for age discrimination. Chambers was willing to work for less than Hansman, and Chambers' assistant was hired at a lower rate than Plaintiff earned. Rather than raising an inference of age discrimination, the evidence suggests that Plaintiff was a casualty of the Township's desire to terminate Hansman. Although the Board's decision may appear unfair, there is no evidence that age was the "but-for" reason for Plaintiff's termination. See Scheick, 766 F.3d at 532 ("[E]ven when direct evidence of age discrimination has been offered, the question to be asked in deciding an employer's motion for summary judgment is whether the evidence, taken as a whole and in the light most favorable to plaintiff, is sufficient to permit a rational trier of fact to conclude that age was the 'but-for' cause of the challenged employer decision."). See also Rowan v. Lockheed Martin Energy Sys., Inc., 360 F.3d 544, 550 (6th Cir. 2004) ("Rather, to survive a summary judgment motion they must show that a reasonable jury could conclude that the actual reasons offered by the defendant were a mere pretext for unlawful age-discrimination, not that other reasonable decision-makers might have retained the plaintiffs."); Corell v. CSX Transp., Inc., 378 Fed. Appx. 496, 505 (6th Cir. 2010) ("Time and again we have

emphasized that [o]ur role is to prevent unlawful hiring practices, not to act as a super personnel department that second guesses employers' business judgments.").

## ORDER

Plaintiff has not demonstrated that Defendant's reason for terminating her employment was a pretext to mask age discrimination. Accordingly, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date: April 4, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 4, 2017, using the ECF system.

                                                  s/William Barkholz
                                                  Case Manager